**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Mae Field, | No. CV-22-08156-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's counsel's Motion for Attorney Fees under U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 26; 27). The Commissioner of the Social Security Administration filed a Response offering an analysis to assist the Court. (Doc. 28). The Court now rules.

## I.  BACKGROUND

Following denials at the administrative level, Plaintiff filed this action seeking judicial review of the Commissioner's decision. (Doc. 1). Plaintiff submitted briefing (Doc. 17), and the Commissioner filed a Stipulation for remand to the Agency. (Doc. 21). On May 3, 2023, the Court entered an Order reversing the final decision of the Commissioner, remanding this action to the Agency on an open record pursuant to sentence four of 42 U.S.C. 405(g), for further proceedings consistent with the terms of the Stipulation. (Doc. 22). Thereafter, the Clerk of the Court entered judgment in this case. (Doc. 23). On Plaintiff's Motion, the Court awarded Plaintiff $5,700 in attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 25). On remand, an ALJ issued a fully favorable

disability decision, finding Plaintiff was entitled to Social Security disability benefits beginning January 2014. (*See* Doc. 27-1 at 3). Subsequently, on July 21, 2024, the Commissioner issued a Notice of Award indicating that Plaintiff's total past-due benefits amounted to $81,818.00 and stating that that $20,454.50 had been withheld for payment of attorney fees. (*See id.* at 5) (stating that the Commissioner "usually withhold[s] 25 percent of past due benefits" and had withheld $20,454.50).

Plaintiff's counsel now seeks a total fee award of $20,454.50, equal to 25% of Plaintiff's past-due benefits. (Doc. 26-1 at 1; Doc. 28 at 3).

## II.    DISCUSSION

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court may also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal

hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

Here, applying the *Gisbrecht* factors, the fee requested is reasonable. Plaintiff contracted to pay 25% of past-due benefits on a contingent fee basis for work performed by Plaintiff's counsel in this action. (Doc. 27-2 at 2). Plaintiff's counsel seeks $20,454.50, or 25%, of the past-due amount awarded to Plaintiff. (Doc. 26-1; Doc. 28 at 3). Counsel's itemization of services indicates 24.4 hours of attorney services rendered. (Doc. 27-3 at 3). Based on the hours expended, Plaintiff's counsel's effective hourly rate for this work is $838.30. This amount is consistent with effective hourly rates previously approved in the Ninth Circuit. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902).

In reviewing the instant record, the Court finds no indication that Plaintiff's counsel has engaged in any substandard performance by Plaintiff's counsel. Further, there is no indication of undue delay in prosecuting Plaintiff's case. As such, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $20,454.50 is reasonable and will approve an award in this amount. Because "the claimant's attorney must refund to the claimant the amount of the smaller fee," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $5,700 EAJA award to Plaintiff upon counsel's receipt of the attorney fees awarded by this Order.

### III.    CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C.§ 406(b) (Doc. 26) is GRANTED in the amount of $20,454.50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the

above-awarded fee, refund to Plaintiff the fees previously awarded under the EAJA, in the amount of $5,700.

Dated this 17th day of March, 2025.

James A. Teilborg
Senior United States District Judge